INSD Pro Se Blank Filing (caption and certificate of service) 4/19

# UNITED STATES DISTRICT COURT

for the

### Southern District of Indiana



**FILED**

**JUN 1 8 2026**

**U.S. CLERK'S OFFICE
INDIANAPOLIS, INDIANA**

Denard Beemon
_____
*Plaintiff(s)*

-v-

Pro Logis
_____
*Defendant*

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. 1:26-cv-01117-JRO-MG

First Amendment
_____
(Title your document on this line.)

I am the plaintiff/defendant (circle one) in this case and I state as follows:

_____

_____

_____

_____

_____

_____

_____

_____

_____

INSD Pro Se Blank Filing (caption and certificate of service) 4/19

_____

_____

_____

_____

_____

_____

_____

_____

Date: 6-18-26                        Signed: _____
                                              Filing party

Address and Telephone Number:

11650 Olio Rd

Suite 1000-210

Fisher IN 46037

## CERTIFICATE OF SERVICE

I certify that a copy of this document _____

(fill in name of your document)

has been mailed, postage prepaid, upon (insert names and addresses of other parties in

space provided):

INSD Pro Se Blank Filing (caption and certificate of service) 4/19

Date:_____        Signed:_____

                                            Filing party

*NOTE: You must complete this section and mail copies of this document to each party.*

**FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

*(42 U.S.C. §§ 1981, 1982; IC 22-9-1; IC 22-9.5)*

**IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF INDIANA INDIANAPOLIS DIVISION**

**DENARD BEEMON,** Plaintiff,

**v. PROLOGIS, INC.,** Defendant.

Case No. _1:26-CV- 01117-JRO -MG_

Plaintiff alleges as follows:

**I. JURISDICTION AND VENUE**

1.  This action arises under 42 U.S.C. § 1981, which guarantees all persons the same right to make and enforce contracts as is enjoyed by white citizens, including the right to purchase real property free from racial discrimination and retaliation.
2.  This action also arises under 42 U.S.C. § 1982, which guarantees all citizens the same right as white citizens to purchase, hold, and convey real property.
3.  This Court has federal question jurisdiction under 28 U.S.C. § 1331 because Plaintiff's claims arise under federal civil rights statutes.
4.  This Court also has jurisdiction under 28 U.S.C. § 1343, as this action seeks to redress the deprivation of civil rights.
5.  Venue is proper in the Southern District of Indiana under 28 U.S.C. § 1391 because the events giving rise to this action occurred in Hendricks County, Indiana.

**II. PARTIES**

6.  Plaintiff Denard Beemon is an individual residing in Hamilton County, Indiana.
7.  Defendant Prologis, Inc. is a foreign corporation organized under the laws of Delaware and doing business in Indiana. Defendant may be served through its registered agent, CT Corporation System, 334 North Senate Avenue, Indianapolis, IN 46204.

**III. FACTUAL ALLEGATIONS**

8.  In December 2024, Plaintiff identified a parcel of land owned by Defendant located in Hendricks County, Indiana.
9.  Plaintiff contacted Defendant to negotiate the purchase of the property and expressed a clear intent to enter into a contract.

10. Plaintiff was financially qualified and prepared to submit a bona fide offer at a price higher than Defendant had previously accepted from non-Black buyers, and Plaintiff communicated as much verbally and in writing.

11. Plaintiff intended to develop the parcel into residential housing, including dwellings for families, minorities, and persons with disabilities.

12. Defendant refused to negotiate further or consider Plaintiff's interest in purchasing the property.

13. Plaintiff raised concerns to Defendant's management that Defendant's refusal to negotiate with him—particularly given his stated intent to develop housing benefiting marginalized and protected groups, and Plaintiff communicated that he was advocating for marginalized people, which clearly implied concerns about racial discrimination.

14. Immediately after Plaintiff raised these concerns, Defendant blocked Plaintiff's email communications.

15. Defendant then falsely accused Plaintiff of harassment, despite Plaintiff's limited, professional communications.

16. Defendant's actions were intentional, malicious, and in reckless disregard of Plaintiff's federally protected rights.

17. As a direct and proximate result, Plaintiff suffered damages including lost economic opportunity, emotional distress, humiliation, and other compensatory harms.

18. Defendant's retaliatory actions provide direct evidence of discriminatory intent.

19. The close temporal proximity between Plaintiff's protected activity and Defendant's retaliatory conduct further evidences discriminatory motive.

20. Defendant's retaliation shows consciousness of guilt and reveals that its refusal to negotiate with Plaintiff was motivated, at least in part, by discriminatory intent.

## IV. PATTERN AND PRACTICE OF DISCRIMINATION AND RETALIATION

21. Defendant engaged in a pattern and practice of discriminatory conduct by: a. refusing to negotiate with Plaintiff despite his qualifications; b. treating non-Black buyers more favorably; c. blocking Plaintiff's communications after he raised concerns about discrimination; d. falsely accusing Plaintiff of harassment; and e. escalating hostility rather than addressing Plaintiff's civil rights concerns.

22. This sequence—discrimination, complaint, retaliation—demonstrates a continuing pattern of intentional discrimination and retaliation.

23. Courts recognize that such patterns support an inference of discriminatory intent and justify punitive damages.

## V. LEGAL SUPPORT FOR INFERENCE OF INTENT

24. Intentional discrimination under 42 U.S.C. §§ 1981 and 1982 may be proven through circumstantial evidence and reasonable inferences drawn from the defendant's conduct, including disparate treatment, suspicious timing, shifting explanations, pretext, or retaliatory escalation.

25. The Supreme Court has held that retaliation for advocating for the rights of racial minorities is actionable under 42 U.S.C. § 1981. In *CBOCS West, Inc. v. Humphries*, 553 U.S. 442 (2008), the Court reaffirmed that retaliation claims are cognizable under § 1981 and relied on *Sullivan v. Little Hunting Park, Inc.*, 396 U.S. 229 (1969), which held that punishing a person "for trying to vindicate the rights of minorities protected by § 1982" violates the Civil Rights Acts.

26. The Supreme Court has long held that retaliation for advocating for the rights of racial minorities constitutes actionable racial discrimination under 42 U.S.C. § 1982. In *Sullivan v. Little Hunting Park, Inc.*, the Court held that a plaintiff may sue under § 1982 when he is "punished for trying to vindicate the rights of minorities protected by § 1982." 396 U.S. 229, 237 (1969). The Supreme Court has also held that a white person may bring a § 1982 claim when retaliated against for advocating for the property rights of racial minorities.

## VI. CLAIMS FOR RELIEF
### Count I – Race Discrimination (42 U.S.C. § 1981)

27. Plaintiff incorporates paragraphs 1 through 27.
28. Defendant intentionally discriminated against Plaintiff on the basis of race and because Plaintiff intended to use the land in a manner benefiting racial minorities.
29. Defendant's conduct violated Plaintiff's right to make and enforce contracts under 42 U.S.C. § 1981.
30. Plaintiff suffered damages as a result.

### Count II – Retaliation (42 U.S.C. § 1981)

31. Plaintiff incorporates paragraphs 1 through 31.
32. Plaintiff engaged in protected activity when he opposed Defendant's discriminatory refusal to negotiate the sale of real property.
33. Immediately after Plaintiff raised concerns about discrimination, Defendant retaliated by blocking Plaintiff's email communications, and falsely accusing Plaintiff of harassment.
34. Retaliation for advocating for the rights of racial minorities is prohibited under 42 U.S.C. § 1981. The Supreme Court held in *CBOCS West* that § 1981 encompasses retaliation claims and reaffirmed *Sullivan*, which held that punishing a person "for trying to vindicate the rights of minorities protected by § 1982" violates federal civil rights law.
35. The temporal proximity between Plaintiff's protected activity and Defendant's retaliatory conduct supports an inference of discriminatory intent.
36. Defendant's retaliation caused Plaintiff harm, including emotional distress, humiliation, and lost economic opportunity.
37. Defendant acted with malice or reckless disregard for Plaintiff's rights, entitling Plaintiff to punitive damages.

### Count III – Violation of Indiana Civil Rights Law (IC 22-9-1)

38. Plaintiff incorporates paragraphs 1 through 38.
39. Defendant's conduct constitutes unlawful discrimination under IC 22-9-1.
40. Plaintiff suffered damages as a result.

### Count IV – Violation of Indiana Fair Housing Act (IC 22-9.5)

41. Plaintiff incorporates paragraphs 1 through 41.
42. Defendant's conduct constitutes unlawful discrimination and retaliation under IC 22-9.5 because Plaintiff sought to purchase land for the construction of residential dwellings as defined under IC 22-9.5-2-2.
43. Plaintiff suffered damages as a result.

### Count V – Race Discrimination in Property Rights (42 U.S.C. § 1982)

44. Plaintiff incorporates paragraphs 1 through 44.
45. 42 U.S.C. § 1982 guarantees all citizens the same right as white citizens to "inherit, purchase, lease, sell, hold, and convey real and personal property."
46. Plaintiff sought to purchase and develop the Property for residential use, including housing benefiting families, minorities, and persons with disabilities.
47. Defendant had the authority to negotiate, approve, or deny Plaintiff's ability to purchase or obtain contractual rights in the Property.
48. Plaintiff was financially qualified, ready, willing, and able to purchase the Property and sought in good faith to negotiate terms for its acquisition.
49. Defendant's retaliatory conduct—taken immediately after Plaintiff advocated for the rights of racial minorities and raised concerns about discriminatory effects—is probative evidence of intentional racial discrimination under 42 U.S.C. § 1982, consistent with *Sullivan*, 396 U.S. at 237.
50. Immediately after Plaintiff raised these concerns, Defendant blocked Plaintiff's communications, falsely accused him of harassment, and refused to continue negotiations.
51. Defendant's conduct interfered with Plaintiff's right to purchase, hold, and develop real property on the same terms as white citizens.
52. Defendant's actions were motivated by racial animus and by retaliation for Plaintiff's protected opposition to racial discrimination.
53. Defendant's conduct violated Plaintiff's rights under 42 U.S.C. § 1982.
54. As a direct and proximate result, Plaintiff suffered lost economic opportunity, emotional distress, humiliation, and other compensatory harms.
55. Defendant acted with malice or reckless disregard for Plaintiff's federally protected rights, entitling Plaintiff to punitive damages.

## VII. PUNITIVE DAMAGES

56. Defendant acted with malice or reckless disregard for Plaintiff's federally protected rights, as demonstrated by: a. intentional discrimination; b. retaliatory escalation after

Plaintiff complained; c. blocking communication to prevent Plaintiff from exercising his rights; and d. falsely accusing Plaintiff of harassment to justify discriminatory conduct.

57. Punitive damages are appropriate under 42 U.S.C. §§ 1981 and 1982 and applicable Indiana law.

## VIII. PRAYER FOR RELIEF

Plaintiff respectfully requests that the Court enter judgment in his favor and award the following relief:

A. Compensatory damages for lost economic opportunity, emotional distress, humiliation, and all other harms resulting from Defendant's violations of 42 U.S.C. §§ 1981 and 1982, IC 22-9-1, and IC 22-9.5.

B. Punitive damages under 42 U.S.C. §§ 1981 and 1982 for Defendant's intentional, malicious, and reckless disregard of Plaintiff's federally protected rights.

C. Equitable and injunctive relief, including but not limited to:
   1. an order requiring Defendant to cease discriminatory and retaliatory practices;
   2. an order requiring Defendant to engage in good-faith negotiations with Plaintiff; or
   3. other equitable remedies necessary to restore Plaintiff's property and contract rights.

D. Specific performance or other equitable relief appropriate to remedy Defendant's interference with Plaintiff's right to purchase and develop real property under 42 U.S.C. § 1982.

E. Any other relief the Court deems just and proper.

## IX. JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Dated: _____6-18-26_____

**Respectfully submitted,**

/s/ Denard _____
Denard _____ *Denard Beemon*
Plaintiff, Pro Se
11650 Olio Rd, Suite 1000-210
Fishers, Indiana 46037
dbeemon@s3re.com

DENARD BEEMON, Plaintiff

VS.

Prologis, Defendant

CASE NO.  1:26-cv-01117-JRO-MG

This document was generated with the assistance of CoPilot.  I hereby certify under penalty of perjury that, despite reliance on an AI tool, I have independently reviewed this document to confirm the accuracy and legitimacy of all cited authority and any characterization or summary thereof pursuant to Rule 11 of the Federal Rules of Civil Procedure.

Denard _____
Plaintiff

6-18-26